UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Magistrate Docket No. **08 MJ 0053** |
| Plaintiff, | |
| v. | COMPLAINT FOR VIOLATION OF: |
| **Enrique AYON-Cortez,** | Title 8, U.S.C., Section 1326 Deported Alien Found in the United States |
| Defendant | |

The undersigned complainant, being duly sworn, states:

On or about **January 6, 2008**, within the Southern District of California, defendant, **Enrique AYON-Cortez,** an alien, who previously had been excluded, deported and removed from the United States to **Mexico**, was found in the United States, without the Attorney General or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8 United States Code, Section 1326.

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
James Bailey
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS 8th DAY OF JANUARY 2008

Louisa S. Porter
UNITED STATES MAGISTRATE JUDGE

**CONTINUATION OF COMPLAINT:**
**Enrique AYON-Cortez**

## PROBABLE CAUSE STATEMENT

On January 6, 2008 at approximately 11:50 a.m., Border Patrol Agent R. Baisly was conducting line watch operations along Highway 94. This area is approximately five miles east and two miles north of the Tecate, California Port of Entry. Agent Baisly responded and found an individual hiding in the brush alongside Highway 94. Agent Baisly identified himself as a U. S. Border Patrol Agent and questioned him as to his citizenship and immigration status. The individual, later identified as the defendant **Enrique AYON-Cortez**, admitted to being a citizen and national of Mexico illegally present in the United States. The defendant also admitted to not having any immigration documents that would allow him to enter or remain in the United States legally. The defendant was then arrested and transported to the Tecate Processing Center.

Routine record checks of the defendant revealed an immigration history. The defendant's record was determined by a comparison of his immigration record and the defendant's current fingerprint card. Official immigration records of the Department of Homeland Security revealed the defendant was previously deported to **Mexico** on **July 02, 2005,** through **San Ysidro, California.** These same records show that the defendant has not applied for permission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, to return to the United States after being removed.