KAREN P. HEWITT
United States Attorney
JOSEPH J.M. ORABONA
Assistant U.S. Attorney
California State Bar No. 223317
Federal Office Building
880 Front Street, Room 6293
San Diego, California  92101-8893
Telephone: (619) 557-7736
Facsimile:  (619) 235-2757
Email: joseph.orabona@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Case No. 08CR0283-IEG |
| Plaintiff, | Date:  March 3, 2008<br>Time:  2:00 p.m. |
| v. | The Honorable Irma E. Gonzalez |
| ENRIQUE AYON-CORTEZ, | **UNITED STATES' NOTICE OF MOTIONS AND MOTIONS FOR** |
| Defendant. | **1) FINGERPRINT EXEMPLARS**<br>**2) RECIPROCAL DISCOVERY**<br>**3) LEAVE TO FILE FURTHER MOTIONS** |

The plaintiff, UNITED STATES OF AMERICA, by and through its counsel, KAREN P. HEWITT, United States Attorney, and Joseph J.M. Orabona, Assistant United States Attorney, hereby files its Motions For Fingerprint Exemplars, Reciprocal Discovery and Leave to File Further Motions. These motions are based on the files and records of this case, together with the attached statement of facts.

//

//

//

**I**

**STATEMENT OF THE CASE**

On February 5, 2008, a federal grand jury in the Southern District of California returned an Indictment charging Enrique Ayon-Cortez ("Defendant") with one count of being a deported alien found in the United States, in violation of 8 U.S.C. § 1326(a) and (b). On February 5, 2008, Defendant was arraigned on the Indictment and pled not guilty. On February 11, 2008, the Court continued the motion hearing and trial setting to March 3, 2008. On February 15, 2008, Defendant filed the above captioned motions. The United States files the following response.

**II**

**STATEMENT OF FACTS**

**A.   OFFENSE CONDUCT**

On January 6, 2008, at approximately 11:50 a.m., Border Patrol Agents were conducting operations east along Highway 94, approximately five miles east and two miles north of the Tecate, California, Port of Entry. Agents observed an individual attempting to conceal himself in the brush along Highway 94. An agent approached the individual, identified himself as a Border Patrol Agent, and conducted a field interview regarding the individual's citizenship. The individual, later identified as "Enrique Ayon-Cortez," freely admitted to being a citizen and national of Mexico. Defendant also freely admitted that he did not possess documentation that would allow him to legally enter or remain in the United States. Defendant was arrested and transported to a border patrol station for processing.

A routine records check confirmed that Defendant is a citizen and national of Mexico, and that defendant subsequently was lawfully excluded, deported, and removed from the United States to Mexico on six prior occasions, and on four prior occasions, pursuant to an order issued by an immigration judge.

**B.   DEFENDANT'S IMMIGRATION HISTORY**

Defendant is a citizen and national of Mexico. Defendant has been lawfully excluded, deported and removed from the United States to Mexico on six prior occasions: (1) June 20, 1997; (2) July 14, 1997; (3) November 6, 1997; (4) August 25, 1999; (5) October 13, 2002; and (6) July 2, 2005. Defendant was ordered excluded, deported, and removed from the United States to Mexico pursuant to an order issued by an immigration judge on four prior occasions: (1) June 20, 1997; (2) July 14, 1997;

(3) November 6, 1997; and (4) June 29, 2005. After the last time Defendant was lawfully ordered excluded, deported, and removed from the United States, there is no evidence in the reports and records maintained by the Department of Homeland Security that Defendant applied to the U.S. Attorney General or the Secretary of the Department of Homeland Security to lawfully return to the United States.

### C.  DEFENDANT'S CRIMINAL HISTORY

Defendant has an extensive criminal history involving immigration offenses committed in the Southern District of California. The United States, propounds that Defendant has eleven criminal history points placing him in Criminal History Category V. On February 17, 1998, Defendant pled guilty and was convicted of being a deported alien found in the United States, a felony, in violation of 8 U.S.C. § 1326, and received a sentence, from the Honorable Marilyn L. Huff, of 60 days in prison and 1 year of supervised release. [See Criminal Case No. 98CR0375-H.] On February 1, 1999, Defendant pled guilty and was convicted of being a deported alien found in the United States, a felony, in violation of 8 U.S.C. § 1326, and received a sentence, from the Honorable John S. Rhoades, of 6 months in prison and 2 years of supervised release. [See Criminal Case No. 98CR3220-R.] On February 23, 1999, Judge Huff revoked Defendant's supervised release and sentenced him to an additional term of 4 months in prison. On November 13, 2002, Defendant pled guilty and was convicted of making a false statement to a federal officer, a felony, in violation of 18 U.S.C. § 1001, and received a sentence, from the Honorable Irma E. Gonzalez, of 6 months in prison and 3 years of supervised release. [See Criminal Case No. 02CR1853-IEG.] On April 12, 2004, Judge Gonzalez revoked Defendant's supervised release and sentenced him to an additional term of 10 months in prison. On June 21, 2004, Defendant pled guilty and was convicted of making a false statement to a federal officer, a felony, in violation of 18 U.S.C. § 1001, and received a sentence, from Judge Huff, of 10 months in prison to run consecutive to the sentence ordered by Judge Gonzalez on November 13, 2002, followed by 3 years of supervised release. [See Criminal Case No. 04CR0253-H.] As a result of Defendant's illegal entry on January 6, 2008, Defendant is presently in violation of his term of supervised release in Criminal Case No. 04CR0253-H.

//

//

## III

## UNITED STATES' MOTIONS

### A.  MOTION FOR FINGERPRINT EXEMPLARS

The United States requests that the Court order that Defendant make himself available for fingerprinting by the United States' fingerprint expert. See United States v. Ortiz-Hernandez, 427 F.3d 567, 576-77 (9th Cir. 2005) (Government may have defendant fingerprinted and use criminal and immigration records in Section 1326 prosecution). Identifying physical characteristics, including fingerprints, are not testimonial in nature and the collection and use of such evidence would not violate Defendant's Fifth Amendment right against self-incrimination. United States v. DePalma, 414 F.2d 394, 397 (9th Cir. 1969). See also Schmerber v. California, 384 U.S. 757, 761 (1966) (withdrawal of blood is not testimonial).

### B.  MOTION FOR RECIPROCAL DISCOVERY

The United States hereby requests Defendant deliver all material to which the United States may be entitled under Fed. R. Crim. P. 16(b) and 26.2.

#### 1.  Defendant's Disclosures Under Fed R. Crim. P. 16(b)

On February 15, 2008, Defendant invoked Fed. R. Crim. P. 16(a) in his discovery motion and the United States has voluntarily complied and will continue to comply with the requirements of Fed. R. Crim. P. 16(a). As of the date of this Motion, the United States has produced 154 pages of discovery (including reports of the arresting officers and agents, a criminal history report, documents concerning Defendant's prior convictions and immigration history), 1 DVD-ROM containing Defendant's videotaped, post-arrest statement, and 1 tape containing an audio recording of the Defendant's deportation hearing before an immigration judge on June 29, 2005. As of the date of this Motion, the United States has **not** received any reciprocal discovery from Defendant. Therefore, the United States invokes Fed. R. Crim. P. 16(b), requiring that reciprocal discovery be provided to the United States.

The United States hereby requests Defendant permit the United States to inspect, copy, and photograph any and all books, papers, documents, photographs, tangible objects, or make copies of portions thereof, which are within the possession, custody or control of Defendant and which Defendant intends to introduce as evidence in his case-in-chief at trial.

1	The United States further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession or control of Defendant, which he intends to introduce as evidence-in-chief at the trial, or which was prepared by a witness whom Defendant intends to call as a witness. Because the United States will comply with Defendant's request for delivery of reports of examinations, the United States is entitled to the items listed above under Fed. R. Crim. P. 16(b)(1). The United States also requests that the Court make such order as it deems necessary under Fed. R. Crim. P. 16(d)(1) and (2) to ensure that the United States receives the discovery to which it is entitled.

**2.    Witness Statements Under Fed. R. Crim. P. 26.2**

Fed. R. Crim. P. 26.2 requires the production of prior statements of all witnesses, except a statement made by Defendant. Fed. R. Crim. P. 26.2 requires reciprocal production of statements, in accordance with the Jencks Act.

The timeframe established by Fed. R. Crim. P. 26.2 requires the statement to be provided after the witness has testified. In order to expedite trial proceedings, the United States hereby requests Defendant be ordered to supply all prior statements of defense witnesses by a reasonable date before trial to be set by the Court. Such an order should include any form in which these statements are memorialized, including but not limited to, tape recordings, handwritten or typed notes and/or reports.

**C.    MOTION FOR LEAVE TO FILE FURTHER MOTIONS**

Should new information or legal issues arise, the United States respectfully requests the opportunity to file such further motions as may be appropriate.

/ /
/ /
/ /
/ /
/ /
/ /
/ /

**IV**

**CONCLUSION**

For the foregoing reasons, the United States requests the Court grant the United States' Motions for Fingerprint Exemplars, Reciprocal Discovery and Leave to File Further Motions.

DATED: February 25, 2008

                                               Respectfully submitted,

                                               KAREN P. HEWITT
                                               United States Attorney

                                               /s/ *Joseph J.M. Orabona*
                                               JOSEPH J.M. ORABONA
                                               Assistant United States Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 08CR0283-IEG |
| Plaintiff, | ) | |
| v. | ) | **CERTIFICATE OF SERVICE** |
| ENRIQUE AYON-CORTEZ, | ) | |
| Defendant. | ) | |

IT IS HEREBY CERTIFIED that:

I, Joseph J.M. Orabona, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **THE UNITED STATES' NOTICE OF MOTIONS AND MOTIONS FOR FINGERPRINT EXEMPLARS, RECIPROCAL DISCOVERY AND LEAVE TO FILE FURTHER MOTIONS** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

> Sara M. Peloquin
> Federal Defenders of San Diego, Inc.
> 225 Broadway, Suite 900
> San Diego, California 92101
> Tel:    (619) 234-8467
> Fax:    (619) 687-2666
> Email: sara_peloquin@fd.org
> *Lead Attorney for Defendant*

A hard copy is being sent to chambers.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 25, 2008.

/s/ **Joseph J.M. Orabona**
JOSEPH J.M. ORABONA
Assistant United States Attorney