KAREN P. HEWITT
United States Attorney
JOSEPH J.M. ORABONA
Assistant U.S. Attorney
California State Bar No. 223317
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7736
Facsimile: (619) 235-2757
Email: joseph.orabona@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Case No. 08CR0283-IEG |
| Plaintiff, | Date: April 7, 2008<br>Time: 2:00 p.m. |
| v. | The Honorable Irma E. Gonzalez |
| ENRIQUE AYON-CORTEZ, | **UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTIONS TO** |
| Defendant. | **1) DISMISS THE INDICTMENT;**<br>**2) SUPPRESS STATEMENTS; AND**<br>**3) LEAVE TO FILE FURTHER MOTIONS** |
| | **TOGETHER WITH STATEMENT OF FACTS, MEMORANDUM OF POINTS AND AUTHORITIES** |
| _____ | |

The plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Joseph J.M. Orabona, Assistant United States Attorney, hereby files its Response in Opposition to Defendant's above-referenced Motions. This Response in Opposition is based upon the files and records of the case, together with the attached statement of facts and memorandum of points and authorities.

# I

# STATEMENT OF THE CASE

On February 5, 2008, a federal grand jury in the Southern District of California returned an Indictment charging Enrique Ayon-Cortez ("Defendant") with one count of being a deported alien found in the United States, in violation of 8 U.S.C. § 1326(a) and (b). On February 5, 2008, Defendant was arraigned on the Indictment and pled not guilty. On March 3, 2008, the Court granted the United States' motions for fingerprint exemplars and reciprocal discovery. In addition, the Court granted Defendant's request to continue the motion hearing and trial setting to April 7, 2008. On March 25, 2008, Defendant filed motions to dismiss the indictment, suppress statements and leave to file further motions. The United States files the following response.

# II

# STATEMENT OF FACTS

### A.    OFFENSE CONDUCT

On January 6, 2008, at approximately 11:50 a.m., Border Patrol Agents were conducting operations east along Highway 94, approximately five miles east and two miles north of the Tecate, California, Port of Entry. Agents observed an individual attempting to conceal himself in the brush along Highway 94. An agent approached the individual, identified himself as a Border Patrol Agent, and conducted a field interview regarding the individual's citizenship. The individual, later identified as "Enrique Ayon-Cortez," freely admitted to being a citizen and national of Mexico. Defendant also freely admitted that he did not possess documentation that would allow him to legally enter or remain in the United States. Defendant was arrested and transported to a border patrol station for processing.

A routine records check confirmed that Defendant is a citizen and national of Mexico, and that defendant subsequently was lawfully excluded, deported, and removed from the United States to Mexico on six prior occasions, and on four prior occasions, pursuant to an order issued by an immigration judge.

### B.    DEFENDANT'S IMMIGRATION HISTORY

Defendant is a citizen and national of Mexico. Defendant has been lawfully excluded, deported and removed from the United States to Mexico on six prior occasions: (1) June 20, 1997; (2) July 14, 1997; (3) November 6, 1997; (4) August 25, 1999; (5) October 13, 2002; and (6) July 2, 2005.

1  Defendant was ordered excluded, deported, and removed from the United States to Mexico pursuant to
2  an order issued by an immigration judge on four prior occasions: (1) June 20, 1997; (2) July 14, 1997;
3  (3) November 6, 1997; and (4) June 29, 2005.  After the last time Defendant was lawfully ordered
4  excluded, deported, and removed from the United States, there is no evidence in the reports and records
5  maintained by the Department of Homeland Security that Defendant applied to the U.S. Attorney
6  General or the Secretary of the Department of Homeland Security to lawfully return to the United States.

7  **C.    DEFENDANT'S CRIMINAL HISTORY**

8  Defendant has an extensive criminal history involving immigration offenses committed in the
9  Southern District of California.  The United States, propounds that Defendant has eleven criminal
10 history points placing him in Criminal History Category V.  On February 17, 1998, Defendant pled
11 guilty and was convicted of being a deported alien found in the United States, a felony, in violation of
12 8 U.S.C. § 1326, and received a sentence, from the Honorable Marilyn L. Huff, of 60 days in prison and
13 1 year of supervised release. [See Criminal Case No. 98CR0375-H.]  On February 1, 1999, Defendant
14 pled guilty and was convicted of being a deported alien found in the United States, a felony, in violation
15 of 8 U.S.C. § 1326, and received a sentence, from the Honorable John S. Rhoades, of 6 months in prison
16 and 2 years of supervised release. [See Criminal Case No. 98CR3220-R.]  On February 23, 1999, Judge
17 Huff revoked Defendant's supervised release and sentenced him to an additional term of 4 months in
18 prison.  On November 13, 2002, Defendant pled guilty and was convicted of making a false statement
19 to a federal officer, a felony, in violation of 18 U.S.C. § 1001, and received a sentence, from the
20 Honorable Irma E. Gonzalez, of 6 months in prison and 3 years of supervised release. [See Criminal
21 Case No. 02CR1853-IEG.]  On April 12, 2004, Judge Gonzalez revoked Defendant's supervised release
22 and sentenced him to an additional term of 10 months in prison.  On June 21, 2004, Defendant pled
23 guilty and was convicted of making a false statement to a federal officer, a felony, in violation of 18
24 U.S.C. § 1001, and received a sentence, from Judge Huff, of 10 months in prison to run consecutive to
25 the sentence ordered by Judge Gonzalez on November 13, 2002, followed by 3 years of supervised
26 release. [See Criminal Case No. 04CR0253-H.] As a result of Defendant's illegal entry on January 6,
27 2008, Defendant is presently in violation of his term of supervised release in Criminal Case No.
28 04CR0253-H.

**III**

**THE UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTIONS ALONG WITH MEMORANDUM OF POINTS AND AUTHORITIES**

**A.  MOTION TO DISMISS INDICTMENT - GRAND JURY INSTRUCTIONS**

Defendant makes contentions relating to two separate instructions given to the grand jury during its impanelment by District Judge Larry A. Burns in July 2007. [See Defendants' Motion to Dismiss the Indictment, Docket No. 15, at 2.] Although recognizing that the Ninth Circuit in United States v. Navarro-Vargas, 408 F.3d 1184 (9th Cir. 2005) (en banc) generally found the two grand jury instructions constitutional, Defendant here contends Judge Burns went beyond the text of the approved instructions, and by so doing rendered them improper to the point that the Indictment should be dismissed. Defendant's contention is contrary to Ninth Circuit precedent, and contrary to findings recently made by the Honorable Barry T. Moskowitz on these same issues. [See Exhibit A to this Response in Opposition (attaching the Order Denying Defendant's Motion to Dismiss Indictment in United States v. Martinez-Covarrubias, 07CR0491 (S.D. Cal. Oct. 11, 2007).] For these reasons, Defendant's motion to dismiss the Indictment should be denied.

**B.  MOTION TO SUPPRESS STATEMENTS**

Defendant moves to suppress all statements. Defendant argues that his field admissions were custodial, and therefore should have been preceded by Miranda warnings. Defendant further claims that his field statements are also inadmissible because the Agents made statements to the Defendant that were intended to elicit an incriminating response. These arguments are foreclosed by Ninth Circuit precedent. Agents merely effected a routine, investigatory stop of limited duration and scope. Defendant's field admissions were not made during a custodial interrogation, and Miranda warnings are not required because Defendant was neither in custody nor interrogated. As such, Defendant's field admissions are admissible as made within a routine border inspection. For these reasons, the Motion should be denied.

**1.  An Evidentiary Hearing Is Not Warranted**

Under Ninth Circuit and Southern District precedent, as well as Southern District Local Criminal Rule 47.1(g)(1)-(4), a defendant is entitled to an evidentiary hearing on a motion to suppress only when

the defendant adduces specific facts sufficient to require the granting of the defendant's motion. See United States v. Batiste, 868 F.2d 1089, 1093 (9th Cir. 1989) (where "defendant, in his motion to suppress, failed to dispute any material fact in the government's proffer, . . . . the district court was not required to hold an evidentiary hearing"); United States v. Moran-Garcia, 783 F. Supp. 1266, 1274 (S.D. Cal. 1991) (boilerplate motion containing indefinite and unsworn allegations was insufficient to require evidentiary hearing on defendant's motion to suppress statements); Crim. L.R. 47.1.  The local rule further provides that "the Court need not grant an evidentiary hearing where either party fails to properly support its motion for opposition."

Defendant has as much information as the Government in regards to the statements he made. See Batiste, 868 F.2d at 1092.  At least in the context of motions to suppress statements, which require police misconduct suffered by Defendant while in custody, Defendant certainly should be able to provide the facts supporting the claim of misconduct.  Finally, any objection that 18 U.S.C. § 3501 requires an evidentiary hearing in every case is of no merit.  Section 3501 requires only that the Court make a pretrial determination of voluntariness "out of the presence of the jury."  Nothing in section 3501 betrays any intent by Congress to alter the longstanding rule vesting the form of proof on matters for the court in the discretion of the court.  Batiste, 868 F.2d at 1092 ("Whether an evidentiary hearing is appropriate rests in the reasoned discretion of the district court.") (citation and quotation marks omitted).

The Ninth Circuit has expressly stated that a United States proffer based on the statement of facts attached to the complaint is alone adequate to defeat a motion to suppress where the defense fails to adduce specific and material facts. See Batiste, 868 F.2d at 1092.  Moreover, the Ninth Circuit has held that a District Court may properly deny a request for an evidentiary hearing on a motion to suppress evidence because the defendant did not properly submit a declaration pursuant to a local rule.  See United States v. Wardlow, 951 F.2d 1115, 1116 (9th Cir. 1991); United States v. Howell, 231 F.3d 616, 620 (9th Cir. 2000) ("An evidentiary hearing on a motion to suppress need be held only when the moving papers allege facts with sufficient definiteness, clarity, and specificity to enable the trial court to conclude that contested issues of fact exist."); see also United States v. Walczak, 783 F. 2d 852, 857 (9th Cir. 1986) (holding that evidentiary hearings on a motion to suppress are required if the moving papers are sufficiently definite, specific, detailed, and nonconjectural to whether contested issues of fact

1  exist). Even if Defendant provides factual allegations, the Court may still deny an evidentiary hearing
2  if the grounds for suppression consist solely of conclusory allegations of illegality.  See
3  United States v. Wilson, 7 F.3d 828, 834-35 (9th Cir. 1993) (District Court Judge Gordon Thompson
4  did not abuse his discretion in denying a request for an evidentiary hearing where the appellant's
5  declaration and points and authorities submitted in support of motion to suppress indicated no contested
6  issues of fact).

7      As Defendant's declaration fails to allege any specific and material facts, the Court would be
8  within its discretion to deny Defendant's motion based solely on the statement of facts attached to the
9  complaint in this case, without any further showing by the United States.  Moreover, Defendant had an
10  opportunity, in his declaration and his moving papers, to proffer any facts alleging violations of his
11  rights, but failed to do so.  Instead, Defendant merely cited generic Miranda law.  Defendant's
12  suggestion of a possible Miranda violation fails to demonstrate there is a disputed factual issue requiring
13  an evidentiary hearing.  See Howell, 231 F.3d at 623.

14      As such, this Court should deny Defendant's request to have an evidentiary hearing with respect
15  to the suppression of any statements.

16      **2.     Defendant Was Not In Custody When He Made Field Admissions**

17      When a person has been deprived of his or her freedom of action in a significant way, Government
18  agents must administer Miranda warnings prior to questioning the person. Miranda v. Arizona, 384 U.S.
19  436 (1966). Such a requirement thus has two components: (1) custody, and (2) interrogation. Id. at
20  477-78. Whether a person is in custody is measured by an objective standard. Berkemer v. McCarty,
21  468 U.S. 420, 442 (1984). A court must examine the totality of circumstances and determine "whether
22  a reasonable innocent person in such circumstances would conclude that after brief questioning he or
23  she would not be free to leave." United States v. Booth, 669 F.3d 1231, 1235 (9th Cir. 1981); see also
24  United States v. Beraun-Perez, 812 F.2d 578, 580 (9th Cir. 1980). Factors relevant to this determination
25  are "1) the language used to summon the individual; 2) the extent to which the defendant is confronted
26  with evidence of guilt; 3) the physical surroundings of the interrogation; 4) the duration of the detention;
27  and 5) the degree of pressure applied to detain the individual." Id. (citation omitted).
28      The Supreme Court held that in the "general interest of effective crime prevention and detection...a

police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possible criminal behavior even though there is no probable cause to make an arrest." Terry v. Ohio, 392 U.S. 1, 22 (1968). This authorized investigatory detention or stop falls short of custody when a Border Patrol agent does not have enough information to execute an arrest, and must investigate further through brief, routine questioning about citizenship and immigration status. See United States v. Brignoni-Ponce, 422 U.S. 873, 878-88 (1975); United States v. Galindo-Gallegos, 244 F.3d 728, 731-32 (9th Cir.), modified by 255 F.3d 1154 (9th Cir. 2001).

The case of Florida v. Royer, 460 U.S. 491 (1983), is instructive. In Royer, two police detectives at the Miami International Airport were observing Royer and thought he fit a "drug courier profile." As Royer walked over to the airline boarding area, the two detectives approached him, identified themselves as police officers, and asked if Royer had a "moment" to speak with time. Royer said, "Yes." Id. at 493-494. Upon request, Royer produced his airline ticket and his driver's license. When asked why the ticket was in the name of "Holt," instead of the name "Royer," as on his license, Royer said a friend had made the reservation in the other name. Royer was noticeably more nervous during this conversation, whereupon the detectives told him they were narcotics investigators and that they suspected him of transporting narcotics. Id. at 494. The detectives then asked Royer to accompany them to a room 40 feet away, but kept his ticket and identification. Royer said nothing, but went with them. Id.

In deciding the case, the Supreme Court noted:

> [L]aw enforcement officers do not violate the Fourth Amendment by merely approaching an individual on the street or in another public place, by asking him if he is willing to answer some questions, by putting questions to him if the person is willing to listen, or by offering in evidence in a criminal prosecution his voluntary answers to such questions. (Citations omitted). Nor would the fact that the officer identifies himself as a police officer, without more, convert the encounter into a seizure requiring some level of objective justification. United States v. Mendenhall, 446 U.S. 544, 555, 100 S. Ct. 1870, 1877, 64 L. Ed.2d 497 (1980) (opinion of Stewart, J.). The person approached, however, need not answer any question put to him; indeed, he may decline to listen to the questions at all and may go on his way. (Citation omitted).

Id. at 497-98 (citations omitted).

Finally, the Ninth Circuit decided this issue in Benitez-Mendez v. Immigration and Naturalization Service, 752 F.2d 1309, 1310 (9th Cir. 1984), in which a Border Patrol officer approached and

1. questioned a worker in a field after a number of other workers had fled upon seeing the Border Patrol. The Ninth Circuit found that no seizure had taken place in regard to the initial questioning of the individual by the Border Patrol. The Court stated that "[f]rom the record, it does not appear that the Border Patrol officer's initial encounter with petitioner amounted to a seizure under the Anderson test. The officer approached the petitioner in an open field and asked him several questions to which he responded voluntarily. There is no evidence of the use of physical force, a display of a weapon, or the threatening presence of several officers." Id. at 1311.

Detaining a person for routine border questioning is not custodial. United States v. Troise, 796 F.2d 310, 314 (9th Cir. 1986); see also United States v. Galindo-Gallegos, 244 F.3d 728, 731 (9th Cir.), modified by 255 F.3d 1154 (9th Cir. 2001) (Ninth Circuit upheld Judge Gonzalez's denial of a defendant's motion to suppress his field statements). In Galindo-Gallegos, patrol agents apprehended the defendant and others running near the Mexican border. Once they had the 15 or 20 people seated, an agent asked them what country they were from and whether they had a legal right to be in the United States. Id. The defendant said that he was from Mexico and had no such right. Id. The border patrol agents did not advise the group of their Miranda rights prior to this questioning. Id. After the defendant admitted that he was an alien illegally in the United States, he and the others were handcuffed and put into one of the vehicles. Id. The Ninth Circuit affirmed the district court's decision not to suppress the defendant's field statements. Id.

This case is analogous to Royer, Benitez-Mendez, and Galindo-Gallegos. Here, Agent Baisly was conducting line watch operations along Highway 94. Agent Baisly encountered Defendant along Highway 94, just two miles north of the United States-Mexico border near the Tecate, California, Port of Entry. Agent Baisly observed Defendant attempting to conceal himself in the brush along Highway 94. Agent Baisly approached Defendant and identified himself as a Border Patrol Agent. Agent Baisly conducted a field interview of Defendant as to his citizenship and right to be in the United States. Defendant responded that he was a citizen of Mexico with no legal right to be in the United States. See Pennsylvania v. Muniz, 496 U.S. 582, 601-04 (1990) (even if incriminating, answers elicited prior to Miranda warnings during procedures "necessarily attendant to the police procedure [are] held by the court to be legitimate" and admissible).

1       Defendant's field admissions were made during a brief investigatory stop. See, e.g., United States
2 v. Brignoni-Ponce, 422 U.S. 873, 878-89 (1975) (noting that it is well established that law enforcement
3 may make a brief investigatory stop and ask questions about citizenship and immigration status); United
4 States v. Woods, 720 F.2d 1022, 1029 (9th Cir. 1983) (holding that persons subjected to brief
5 investigatory detentions are not entitled to Miranda warnings). Defendant answered those questions
6 voluntarily. The record is devoid of any suggestion that the officers physically restrained Defendant
7 or restricted his liberty in any meaningful way. Further, the fact that officers were armed or displayed
8 badges does not turn a consensual encounter into a custodial situation. See United States v. Drayton,
9 536 U.S. 194, 204-205 (2002). During this questioning, Defendant was not placed in handcuffs or
10 searched. There is simply nothing to suggest that Defendant was in custody during his field interview
11 and his statements to officers in the field are admissible at trial.

12       Defendant, however, cites United States v. Beraun-Panez, 830 F.2d 127 (9th Cir. 1987), in support
13 of his argument that he was in custody at the time of his field admission. [See Defendants' Motion to
14 Dismiss the Indictment, Docket No. 15, at 5-6.] However, this case is distinguishable. In Beraun-Panez,
15 a subject was separated from his co-worker in a remote rural location prior to questioning. Galindo-
16 Gallegos, 244 F.3d at 731 (citing Beraun-Perez, 830 F.2d at 581-82). The Ninth Circuit factually
17 distinguished Beraun-Perez in Galindo-Gallegos, holding that the facts in the latter were more analogous
18 to Berkmer v. McCarty, where the Supreme Court held that questioning in public where witnesses are
19 likely and available mitigates against the risk of harms identified in Miranda. See Galindo-Gallegos,
20 244 F.3d at 732.

21       Here, Agent Baisly approached Defendant out in the open along a public highway. Further, Agent
22 Baisly simply stood and spoke with Defendant, thus obviating any physical contact. Also, although
23 Defendant was found hiding in the brush along Highway 94, the area was "public for the reason that
24 mattered; no alien had reason to fear abuse by an officer and an unscrupulous officer would have been
25 deterred from using illegitimate means by all the witnesses." Galindo-Gallegos, 244 F.3d at 732. As
26 in the Supreme Court's holding in Berkemer, there was minimal risk here of the abuses addressed by
27 Miranda because the setting and the presence of others, including motorists using the highway, mitigated
28 against misconduct. Id.

1    For all of the foregoing reasons, the Court should deny Defendant's motion to suppress <u>all</u>
2 statements.

### C.    LEAVE TO FILE FURTHER MOTIONS

The United States opposes Defendant's request to file further motions unless the motions are based on new discovery or other information not available to Defendant at the time of this motion hearing.

### IV

### CONCLUSION

For the foregoing reasons, the United States requests the Court deny Defendant's Motions to Dismiss the Indictment, Suppress Statements,[1] and Leave to File Further Motions.

DATED: March 31, 2008

>                             Respectfully submitted,
>
>                             KAREN P. HEWITT
>                             United States Attorney
>
>                             /s/ **_Joseph J.M. Orabona_**
>                             JOSEPH J.M. ORABONA
>                             Assistant United States Attorney

---

[1] In his motion to suppress statements, Defendant argues that his statements should be suppressed because they were involuntary. [<u>See</u> Defendants' Motion to Dismiss the Indictment, Docket No. 15, at 7-8.] However, as discussed <u>infra</u> Section III.B., persons subjected to brief investigatory detentions are not entitled to <u>Miranda</u> warnings. <u>See</u>, e.g., <u>United States v. Woods</u>, 720 F.2d 1022, 1029 (9th Cir. 1983). To the extent Defendant is making reference to any post-arrest statements, his arguments are inapplicable. Agent Baisly indicated in his report of investigation that he advised Defendant of his <u>Miranda</u> rights at approximately 5:10 p.m., which is less than six hours after his arrest, and Defendant acknowledged that he understood his rights and invoked his right to remain silent, which is his Constitutional right to do. Thus, there are no post-arrest statements for the Court to suppress.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | Criminal Case No. 08CR0283-IEG |
| )  Plaintiff,                 ) | |
| )                             ) | **CERTIFICATE OF SERVICE** |
| v.                            ) | |
| )                             ) | |
| ENRIQUE AYON-CORTZ,           ) | |
| )  Defendant.                 ) | |

IT IS HEREBY CERTIFIED that:

I, Joseph J.M. Orabona, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **THE UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTIONS TO DISMISS THE INDICTMENT, SUPPRESS STATEMENTS AND LEAVE TO FILE FURTHER MOTIONS** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Sara M. Peloquin, Esq.
Federal Defenders of San Diego, Inc.
225 Broadway, Suite 900
San Diego, California 92101-5008
*Lead Attorneys for Defendant*

A hard copy is being sent to chambers.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 31, 2008.

/s/ **Joseph J.M. Orabona**
JOSEPH J.M. ORABONA
Assistant United States Attorney

08CR0283-IEG