1  KAREN P. HEWITT
   United States Attorney
2  JOSEPH J.M. ORABONA
   Assistant U.S. Attorney
3  California State Bar No. 223317
   Federal Office Building
4  880 Front Street, Room 6293
   San Diego, California  92101-8893
5  Telephone: (619) 557-7736
   Facsimile:  (619) 235-2757
6  Email: joseph.orabona@usdoj.gov

7  Attorneys for Plaintiff
   United States of America
8

9
                        UNITED STATES DISTRICT COURT
10
                       SOUTHERN DISTRICT OF CALIFORNIA
11

12  UNITED STATES OF AMERICA,           )   Criminal Case No. 08CR0283-IEG
                                        )
13             Plaintiff,               )   Date:  May 5, 2008
                                        )   Time:  10:00 a.m.
14                                      )
         v.                             )   The Honorable Irma E. Gonzalez
15                                      )
                                        )
16  ENRIQUE AYON-CORTEZ,                )   **UNITED STATES' RESPONSE IN**
                                        )   **OPPOSITION TO DEFENDANT'S**
17                                      )   **MOTIONS TO SUPPRESS STATEMENTS**
               Defendant.               )   **BASED ON AN ALLEGED VIOLATION OF**
18                                      )   **THE FOURTH AMENDMENT**
                                        )
19                                      )   **TOGETHER WITH STATEMENT OF**
                                        )   **FACTS, MEMORANDUM OF POINTS AND**
20                                      )   **AUTHORITIES**
                                        )
21  _____ )

22       The plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt,

23  United States Attorney, and Joseph J.M. Orabona, Assistant United States Attorney, hereby files its

24  Response in Opposition to Defendant's above-referenced Motions.  This Response in Opposition is

25  based upon the files and records of the case, together with the attached statement of facts and

26  memorandum of points and authorities.

27  / /

28  / /

**I**

**STATEMENT OF THE CASE**

On February 5, 2008, a federal grand jury in the Southern District of California returned an Indictment charging Enrique Ayon-Cortez ("Defendant") with one count of being a deported alien found in the United States, in violation of 8 U.S.C. § 1326(a) and (b). On February 5, 2008, Defendant was arraigned on the Indictment and pled not guilty. On March 3, 2008, the Court granted the United States' motions for fingerprint exemplars and reciprocal discovery. On March 25, 2008, Defendant filed a motion to suppress based upon an alleged violation of the Fourth Amendment. The United States files the following response.

**II**

**STATEMENT OF FACTS**

**A.     OFFENSE CONDUCT**

On January 6, 2008, at approximately 11:50 a.m., Border Patrol agents were conducting operations east along Highway 94, approximately five miles east of the Tecate, California, Port of Entry, and two miles north of the U.S.-Mexico international border. Agents observed one individual running near "Rush's Notch," which is an area where smugglers and illegal aliens are often found. Defendant attempted to conceal himself in the thick brush along Highway 94. An agent approached the individual, identified himself as a Border Patrol Agent, and conducted a field interview regarding the individual's citizenship. The individual, later identified as "Enrique Ayon-Cortez," freely admitted to being a citizen and national of Mexico. Defendant also freely admitted that he did not possess documentation that would allow him to legally enter or remain in the United States. Defendant was arrested and transported to a border patrol station for processing.

A routine records check confirmed that Defendant is a citizen and national of Mexico, and that defendant subsequently was lawfully excluded, deported, and removed from the United States to Mexico on six prior occasions, and on four prior occasions, pursuant to an order issued by an immigration judge.

**B.     DEFENDANT'S IMMIGRATION HISTORY**

Defendant is a citizen and national of Mexico. Defendant has been lawfully excluded, deported and removed from the United States to Mexico on six prior occasions: (1) June 20, 1997; (2) July 14,

1997; (3) November 6, 1997; (4) August 25, 1999; (5) October 13, 2002; and (6) July 2, 2005. Defendant was ordered excluded, deported, and removed from the United States to Mexico pursuant to an order issued by an immigration judge on four prior occasions: (1) June 20, 1997; (2) July 14, 1997; (3) November 6, 1997; and (4) June 29, 2005. After the last time Defendant was lawfully ordered excluded, deported, and removed from the United States, there is no evidence in the reports and records maintained by the Department of Homeland Security that Defendant applied to the U.S. Attorney General or the Secretary of the Department of Homeland Security to lawfully return to the United States.

### C.  DEFENDANT'S CRIMINAL HISTORY

Defendant has an extensive criminal history involving immigration offenses committed in the Southern District of California. The United States, propounds that Defendant has eleven criminal history points placing him in Criminal History Category V. On February 17, 1998, Defendant pled guilty and was convicted of being a deported alien found in the United States, a felony, in violation of 8 U.S.C. § 1326, and received a sentence, from the Honorable Marilyn L. Huff, of 60 days in prison and 1 year of supervised release. [See Criminal Case No. 98CR0375-H.] On February 1, 1999, Defendant pled guilty and was convicted of being a deported alien found in the United States, a felony, in violation of 8 U.S.C. § 1326, and received a sentence, from the Honorable John S. Rhoades, of 6 months in prison and 2 years of supervised release. [See Criminal Case No. 98CR3220-R.] On February 23, 1999, Judge Huff revoked Defendant's supervised release and sentenced him to an additional term of 4 months in prison. On November 13, 2002, Defendant pled guilty and was convicted of making a false statement to a federal officer, a felony, in violation of 18 U.S.C. § 1001, and received a sentence, from the Honorable Irma E. Gonzalez, of 6 months in prison and 3 years of supervised release. [See Criminal Case No. 02CR1853-IEG.] On April 12, 2004, Judge Gonzalez revoked Defendant's supervised release and sentenced him to an additional term of 10 months in prison. On June 21, 2004, Defendant pled guilty and was convicted of making a false statement to a federal officer, a felony, in violation of 18 U.S.C. § 1001, and received a sentence, from Judge Huff, of 10 months in prison to run consecutive to the sentence ordered by Judge Gonzalez on November 13, 2002, followed by 3 years of supervised release. [Criminal Case No. 04CR0253-H.] As a result of Defendant's illegal entry on January 6, 2008, Defendant is presently in violation of his term of supervised release in Criminal Case No. 04CR0253-H.

## III

## THE UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION ALONG WITH MEMORANDUM OF POINTS AND AUTHORITIES

### A.     MOTION TO SUPPRESS - ALLEGED FOURTH AMENDMENT VIOLATION

Defendant contends that the stop performed by Border Patrol Agent R. Baisly on January 6, 2008 violated the Fourth Amendment, and any statement obtained must be suppressed. [Def. Mot. at 4.] The Court granted an evidentiary hearing for May 5, 2008 to address the admissibility of Defendant's field statements. As the testimony at the hearing will present, Defendant's argument lacks merit.

The Fourth Amendment allows officers to perform "brief investigatory stops of persons or vehicles" when "the officer's action is supported by reasonable suspicion to believe that criminal activity may be afoot." United States v. Arvizu, 534 U.S. 266, 273 (2002) (citations omitted); Terry v. Ohio, 392 U.S. 1 (1968). In forming reasonable suspicion, the officer is entitled to draw upon personal experience and specialized training and to make inferences from and deductions about the cumulative information available to him that "might well elude an untrained person." Arvizu, 534 U.S. at 273 (citation omitted). "The process does not deal with hard certainties, but with probabilities" and "commonsense conclusions about human behavior." United States v. Cortez, 449 U.S. 411, 418 (1981). Reasonable suspicion is simply "a particularized and objective basis for suspecting the person stopped of criminal activity." Ornelas v. United States, 517 U.S. 690, 696 (1996) (citation omitted). It is more than a "hunch" and less than "probable cause." Arvizu, 534 U.S. at 274.

Agent Baisly had reasonable suspicion to believe that Defendant had unlawfully entered the United States. On January 6, 2008, at approximately 11:50 a.m., Agent Baisly, while wearing his government uniform, was performing linewatch duties along Highway 94, in a rural area known as "Rush's Notch," which is approximately five miles east of the Tecate, California Port of Entry, and two miles north of the U.S.-Mexico international border. This is an area where smugglers and illegal aliens are often found. Agent Baisly observed one individual running on foot down a large hill near "Rush's Notch." Agent Baisly crouched down on Highway 94 so that the individual would not see him. Agent Baisly moved toward the edge of Highway 94 where there is thick brush. As Agent Baisly approached the edge of Highway 94, he observed an individual in the thick brush. Agent Baisly identified himself as a

1  Border Patrol Agent and immediately performed a field interview. Defendant responded that he was
2  a citizen and national of Mexico without documents to enter or remain legally in the United States.
3  Agent Baisly placed Defendant under arrest. The totality of these circumstances provided Agent Baisly
4  with a "a particularized and objective basis" for suspecting that Defendant was involved in criminal
5  activity. Ornelas, 517 U.S. at 696.

6  "Given that [Agent Baisly] had reasonable suspicion to make a Terry stop, he could ask
7  [Defendant] questions reasonably related in scope to the justification for their initiation." United States
8  v. Cervantes-Flores, 421 F.3d 825, 830 (9th Cir. 2005) (citation omitted) (upholding admission of pre-
9  Miranda statements made during Terry stop); United States v. Butler, 249 F.3d 1094, 1098 (9th Cir.
10 2001) ("The case books are full of scenarios in which a person is detained by law enforcement officers,
11 is not free to go, but is not 'in custody' for Miranda purposes.").

12 The Ninth Circuit's decision in Cervantes-Flores is directly on point. There, a Border Patrol agent
13 encountered defendant Cervantes traveling alone in a rural area known for alien smuggling. Cervantes-
14 Flores, 421 F.3d at 829. Cervantes fled, and the agent apprehended him after a foot chase. Id. The
15 agent handcuffed Cervantes and asked him "about his place of birth, his citizenship, whether he had
16 permission to be in the United States and how he had crossed into the United States." Id. at 830. The
17 Court of Appeals upheld the admission of these statements because the agent had reasonable suspicion
18 to make a Terry stop, and the questions "were reasonably limited in scope to determining whether
19 Cervantes had crossed the border illegally." Id. Even the handcuffing did not convert the Terry stop
20 to a custodial arrest given Cervantes' flight and the agent's safety concerns. Id.

21 Here, the limited questions posed by Agent Baisly concerning Defendant's immigration status
22 were reasonably related to Agent Baisly's suspicion that Defendant had unlawfully entered the United
23 States. Indeed, the questions are indistinguishable from those held permissible in Cervantes-Flores. As
24 such, no Miranda warnings were required, and there is no basis for suppression.

25 For all of the foregoing reasons, Defendant's field admissions are admissible and the Court should
26 deny Defendant's motion to suppress for an alleged violation of the Fourth Amendment.
27 //
28 //

**IV**

**CONCLUSION**

For the foregoing reasons, the United States requests the Court deny Defendant's Motion to Suppress based on any alleged Fourth Amendment violation.

DATED: April 27, 2008

                                                Respectfully submitted,

                                                KAREN P. HEWITT
United States Attorney

/s/ *Joseph J.M. Orabona*
JOSEPH J.M. ORABONA
Assistant United States Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 08CR0283-IEG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **CERTIFICATE OF SERVICE** |
| v. | ) | |
| | ) | |
| ENRIQUE AYON-CORTZ, | ) | |
| | ) | |
| Defendant. | ) | |
| ──────────────────────────── | ) | |

IT IS HEREBY CERTIFIED that:

I, Joseph J.M. Orabona, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **The United States' Response in Opposition to Defendant's Motion to Suppress Based On An Alleged Fourth Amendment Violation** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

    Sara M. Peloquin, Esq.
    Federal Defenders of San Diego, Inc.
    225 Broadway, Suite 900
    San Diego, California 92101-5008
    *Lead Attorneys for Defendant*

A hard copy is being sent to chambers.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 27, 2008.

/s/ *Joseph J.M. Orabona*
JOSEPH J.M. ORABONA
Assistant United States Attorney