1  KAREN P. HEWITT
   United States Attorney
2  STEWART M. YOUNG
   Assistant U.S. Attorney
3  California State Bar No. 239764
   United States Attorney's Office
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone: (619) 557-6228/(619) 235-2757 (Fax)
   Email: stewart.young@usdoj.gov
6  Attorneys for Plaintiff
   United States of America

7
                    UNITED STATES DISTRICT COURT

8
                  SOUTHERN DISTRICT OF CALIFORNIA

9
   UNITED STATES OF AMERICA,        )   Criminal Case No. 08-CR-283 IEG
10                                   )
                       Plaintiff,    )   DATE:        July 14, 2008
11                                   )   TIME:        2:00 p.m.
              v.                     )   Before Honorable Chief Judge Irma E.
12                                   )   Gonzalez
   ENRIQUE AYON-CORTEZ,             )
13                                   )   (A)   EXCLUDE WITNESSES;
                       Defendant.    )   (B)   PROHIBIT REFERENCE TO
14                                   )         PUNISHMENT, ETC.;
                                     )   (C)   LIMIT TESTIMONY OF
15                                   )         CHARACTER WITNESSES;
                                     )   (D)   PRECLUDE EVIDENCE OF
16                                   )         DURESS OR NECESSITY;
                                     )   (E)   PRECLUDE EXPERT
17 _____  )         TESTIMONY;
                                     )   (F)   EXCLUDE EVIDENCE ABOUT
18                                   )         RE-ENTRY;
                                     )   (G)   EXCLUDE PRIOR RESIDENCY
19                                   )         EVIDENCE;
                                     )   (H)   ADMIT A-FILE DOCUMENTS;
20                                   )   (I)   PRECLUDE ARGUMENT
                                     )         REGARDING WARNING;
21                                   )   (J)   ADMIT 609 EVIDENCE;
                                     )   (K)   PROHIBIT COLLATERAL
22                                   )         ATTACK OF DEPORTATION;
                                     )   (L)   JUDICIAL NOTICE OF
23                                   )         CERTIFIED TRANSCRIPT;  AND
                                     )   (M)   RENEWED MOTION FOR
24                                   )         RECIPROCAL DISCOVERY
                                     )
25 _____  )   TOGETHER WITH STATEMENT OF
                                     )   FACTS AND MEMORANDUM OF
26                                   )   POINTS AND AUTHORITIES

27

28

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Stewart M. Young, Assistant U.S. Attorney, and hereby files its Motions in the above-referenced case. Said Motions are based upon the files and records of this case together with the attached statement of facts and memorandum of points and authorities.

DATED: July 2, 2008.

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

s/ Stewart M. Young
STEWART M. YOUNG
Assistant United States Attorney

2

KAREN P. HEWITT
United States Attorney
Stewart M. Young
Assistant U.S. Attorney
California State Bar No. 234889
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-6228/(619) 235-2757 (Fax)
Email: stewart.young@usdoj.gov

Attorneys for Plaintiff
United States of America

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>      v.<br><br>ENRIQUE AYON-CORTEZ,<br><br>                Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Criminal Case 08-CR-283 IEG<br><br>DATE:       July 14, 2008<br>TIME:      2:00 p.m.<br>Before Honorable Chief Judge Irma E. Gonzalez<br><br>UNITED STATES' STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES |

# I

## STATEMENT OF THE CASE

On February 5, 2008, a federal grand jury in the Southern District of California returned an Indictment charging Enrique Ayon-Cortez ("Defendant") with one count of being a deported alien found in the United States, in violation of 8 U.S.C. § 1326(a) and (b). On February 5, 2008, Defendant was arraigned on the Indictment and pled not guilty. On March 3, 2008, the Court granted the United States' motions for fingerprint exemplars and reciprocal discovery. In addition, the Court granted Defendant's request to continue the motion hearing and trial setting to April 7, 2008. On March 25, 2008, Defendant filed motions to dismiss the indictment, suppress statements and leave to file further motions. On May 29, 2008, following an evidentiary hearing, the Court

1    denied defendant's motion to dismiss the indictment and granted in part and denied in part

2    defendant's motion to dismiss statements.

## II

## STATEMENT OF FACTS

### A.    OFFENSE CONDUCT

6    On January 6, 2008, at approximately 11:50 a.m., Border Patrol Agents were conducting

7    operations east along Highway 94, approximately five miles east and two miles north of the Tecate,

8    California, Port of Entry.  Agents observed an individual attempting to conceal himself in the brush

9    along Highway 94.  An agent approached the individual, identified himself as a Border Patrol

10   Agent, and conducted a field interview regarding the individual's citizenship.  The individual, later

11   identified as "Enrique Ayon-Cortez," freely admitted to being a citizen and national of Mexico.

12   Defendant was arrested and transported to a border patrol station for processing.

13   A routine records check confirmed that Defendant is a citizen and national of Mexico, and

14   that defendant subsequently was lawfully excluded, deported, and removed from the United States

15   to Mexico on six prior occasions, and on four prior occasions, pursuant to an order issued by an

16   immigration judge.

### B.    DEFENDANT'S IMMIGRATION HISTORY

18   Defendant is a citizen and national of Mexico.  Defendant has been lawfully excluded,

19   deported and removed from the United States to Mexico on six prior occasions: (1) June 20, 1997;

20   (2) July 14, 1997; (3) November 6, 1997; (4) August 25, 1999; (5) October 13, 2002; and (6) July

21   2, 2005.  Defendant was ordered excluded, deported, and removed from the United States to

22   Mexico pursuant to an order issued by an immigration judge on four prior occasions: (1) June 20,

23   1997; (2) July 14, 1997; (3) November 6, 1997; and (4) June 29, 2005.  After the last time

24   Defendant was lawfully ordered excluded, deported, and removed from the United States, there is

25   no evidence in the reports and records maintained by the Department of Homeland Security that

26

27

28                                                          4

1    Defendant applied to the U.S. Attorney General or the Secretary of the Department of Homeland

2    Security to lawfully return to the United States.

3    ## C.    DEFENDANT'S CRIMINAL HISTORY

4    Defendant has an extensive criminal history involving immigration offenses committed in

5    the Southern District of California.  The United States, propounds that Defendant has eleven

6    criminal history points placing him in Criminal History Category V.  On February 17, 1998,

7    Defendant pled guilty and was convicted of being a deported alien found in the United States, a

8    felony, in violation of 8 U.S.C. § 1326, and received a sentence, from the Honorable Marilyn L.

9    Huff, of 60 days in prison and 1 year of supervised release. [See Criminal Case No. 98CR0375-H.]

10   On February 1, 1999, Defendant pled guilty and was convicted of being a deported alien found in

11   the United States, a felony, in violation of 8 U.S.C. § 1326, and received a sentence, from the

12   Honorable John S. Rhoades, of 6 months in prison and 2 years of supervised release. [See Criminal

13   Case No. 98CR3220-R.]  On February 23, 1999, Judge Huff revoked Defendant's supervised

14   release and sentenced him to an additional term of 4 months in prison.  On November 13, 2002,

15   Defendant pled guilty and was convicted of making a false statement to a federal officer, a felony,

16   in violation of 18 U.S.C. § 1001, and received a sentence, from the Honorable Irma E. Gonzalez,

17   of 6 months in prison and 3 years of supervised release. [See Criminal Case No. 02CR1853-IEG.]

18   On April 12, 2004, Judge Gonzalez revoked Defendant's supervised release and sentenced him to

19   an additional term of 10 months in prison.  On June 21, 2004, Defendant pled guilty and was

20   convicted of making a false statement to a federal officer, a felony, in violation of 18 U.S.C. §

21   1001, and received a sentence, from Judge Huff, of 10 months in prison to run consecutive to the

22   sentence ordered by Judge Gonzalez on November 13, 2002, followed by 3 years of supervised

23   release. [See Criminal Case No. 04CR0253-H.]  As a result of Defendant's illegal entry on January

24   6, 2008, Defendant is presently in violation of his term of supervised release in Criminal Case No.

25   04CR0253-H.

26

27

28                                                      5

The United States has provided defendant with notice under both Rule 609 and 404(b) of the Government's intent to use these convictions if the defendant decides to testify.

### III

### MEMORANDUM OF POINTS AND AUTHORITIES

**A.    THE COURT SHOULD EXCLUDE WITNESSES DURING TRIAL WITH THE EXCEPTION OF THE GOVERNMENT'S CASE AGENT**

Under Federal Rule of Evidence 615(3), "a person whose presence is shown by a party to be essential to the presentation of the party's cause" should not be ordered excluded from the court during trial.  The case agent in the present matter has been critical in moving the investigation forward to this point and is considered by the United States to be an integral part of the trial team. The United States requests that Defendant's testifying witnesses be excluded during trial pursuant to Fed. R. Evid. 615.

**B.    DEFENDANT SHOULD BE PROHIBITED FROM ARGUING PUNISHMENT, EDUCATION, HEALTH, AGE, FAMILY CIRCUMSTANCES, AND FINANCES TO THE JURY**

Defense counsel may wish to raise potential penalties Defendant faces if convicted. Information about penalty and punishment draws the attention of jurors away from their chief function as the sole judges of the  facts, opens the door to compromised verdicts, and confuses the issues to be decided.  United States v. Olano, 62 F.3d 1180, 1202 (9th Cir. 1995).  In federal court, the jury is not permitted to consider punishment in deciding whether the United States has proved its case against the defendant beyond a reasonable doubt.  9th Cir. Crim. Jury Instr. §7.4 (2003). Any such argument or reference would be an improper attempt to have the jury unduly influenced by sympathy for the defendant and prejudiced against the government.  See 9th Cir. Jury Inst. § 3.1 (2000).  Therefore, the United States hereby moves *in limine* for the Court to order defense counsel not to mention any penalty or punishment or to solicit testimony regarding the same.

Likewise, the defense should be prohibited from making reference to or arguing about Defendant's education, health, age, family circumstances, and finances.  Defendant may attempt to introduce evidence designed to improperly arouse the sympathy of the fact finder, such as

evidence of his age or personal background.  The court should preclude Defendant from presenting such evidence under Federal Rules of Evidence 401, 402, and 403.

Testimony about Defendant's education, health, age, family circumstances, and finances are patently irrelevant to the issues in this case.  Fed. R. Evid. 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 402 states the evidence "which is not relevant is not admissible."  Testimony about Defendant's age and personal background are of no consequence to the determination of any essential facts in this case.  Likewise, a defendant's right to testify is not absolute.  That right does not authorize a defendant to present irrelevant testimony.  See United States v. Adams, 56 F.3d 737 (7th Cir. 1995) (proper to exclude video of defendant's children opening gifts on Christmas because video would only develop sympathy for accused and would not establish defendant's whereabouts two days earlier).

Furthermore, the introduction of such evidence would violate Fed. R. Evid. 403.  That rule allows a court to exclude relevant evidence where the danger of unfair prejudice or confusion of the issues outweighs the probative value of such evidence.  A trial court has "wide latitude" to exclude such prejudicial or confusing evidence.  See United States v. Saenz, 179 F.3d 686, 689 (9th Cir. 1999).  The admission of testimony about Defendant's education, health, age, and finances will tend "to induc[e] decisions on a purely emotional basis . . ." in violation of Fed. R. Evid. 403.  See Fed. R. Evid. 403 Advisory Committee Notes; United States v. Ellis, 147 F.3d 1131, 1135 (9th Cir. 1998).  Jurors should not be influenced by sympathy.  9th Cir. Crim. Jury Instr. § 3.1 (2003).

Thus, the government moves in limine for the court to order defense counsel not to introduce such testimony from Defendant or from any witnesses.

**C.    THE COURT SHOULD PRECLUDE TESTIMONY OF CHARACTER WITNESSES**

In introducing positive character evidence, a defendant must restrict himself to evidence regarding "law-abidingness" and honesty.  A defendant may not introduce evidence concerning

specific instances of good conduct, lack of a prior record, or propensity to engage in specific bad acts such as drug smuggling or distribution. United States v. Hedgecorth, 873 F.2d 1307, 1313 (9th Cir. 1987) ("[W]hile a defendant may show a characteristic for lawfulness through opinion or reputation testimony, evidence of specific acts is generally inadmissible.") (citations omitted); United States v. Barry, 814 F.2d 1400, 1403 (9th Cir. 1987); Government of Virgin Islands v. Grant, 775 F.2d 508, 512 (3d Cir. 1985) ("[T]estimony that one has never been arrested is especially weak character evidence.").

Any character evidence Defendant seeks to introduce at trial, therefore, should be limited to evidence regarding his law-abidingness and honesty. Character evidence beyond the scope of these two traits would be inappropriate.

**D.     THE COURT SHOULD PRECLUDE EVIDENCE OF DURESS OR NECESSITY**

Defendant should be precluded from presenting evidence or argument that he entered the United States due to duress or necessity. Courts have specifically approved the pretrial exclusion of evidence relating to a legally insufficient duress defense on numerous occasions. See United States v. Bailey, 444 U.S. 394 (1980) (addressing duress); United States v. Moreno, 102 F.3d 994, 997 (9th Cir. 1996), cert. denied, 522 U.S. 826 (1997) (addressing duress). Similarly, a district court may preclude a necessity defense where "the evidence, as described in the defendant's offer of proof, is insufficient as a matter of law to support the proffered defense." United States v. Schoon, 971 F.2d 193, 195 (9th Cir. 1992).

In order to rely on a defense of duress, Defendant must establish a *prima facie* case that:

(1)     Defendant committed the crime charged because of an immediate threat of death or serious bodily harm;

(2)     Defendant had a well-grounded fear that the threat would be carried out; and

(3)     There was no reasonable opportunity to escape the threatened harm.

8

United States v. Bailey, 444 U.S. 394, 410-11 (1980); Moreno, 102 F.3d at 997.  If Defendant fails to make a threshold showing as to each and every element of the defense, defense counsel should not burden the jury with comments relating to such a defense.  See, e.g., Bailey, 444 U.S. at 416.

A defendant must establish the existence of four elements to be entitled to a necessity defense:

(1)    that he was faced with a choice of evils and chose the lesser evil;

(2)    that he acted to prevent imminent harm;

(3)    that he reasonably anticipated a causal relationship between his conduct and the harm to be avoided; and

(4)    that there was no other legal alternatives to violating the law.

See Schoon, 971 F.2d at 195; United States v. Dorrell, 758 F.2d 427, 430-31 (9th Cir. 1985).  A court may preclude invocation of the defense if "proof is deficient with regard to any of the four elements."  See Schoon, 971 F.2d at 195.

The United States hereby moves for an evidentiary ruling precluding defense counsel from making any comments during the opening statement or the case-in-chief that relate to any purported defense of "duress" or "coercion" or "necessity" unless Defendant makes a prima facie showing satisfying each and every element of the defense.  The United States respectfully requests that the Court rule on this issue prior to opening statements to avoid the prejudice that would result from such comments.

## E.    THE COURT SHOULD PRECLUDE EXPERT TESTIMONY BY DEFENSE WITNESSES

Defendant must disclose written summaries of testimony that Defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial.  The summaries are to describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.  As of the date of the filing of these motions, Defendant has provided neither notice

of any expert witness, nor any reports by expert witnesses.  Accordingly, Defendant should not be permitted to introduce any expert testimony if he fails to disclose such information prior to trial.

If the Court determines that Defendant may introduce expert testimony, the United States requests a hearing to determine this expert's qualifications and relevance of the expert's testimony pursuant to Fed. R. Evid. 702 and Kumho Tire Co. v. Carmichael, 526 U.S. 137, 150 (1999).  See United States v. Rincon, 11 F.3d 922 (9th Cir. 1993) (affirming the district court's decision to not admit the defendant's proffered expert testimony because there had been no showing that the proposed testimony related to an area that was recognized as a science or that the proposed testimony would assist the jury in understanding the case); see also United States v. Hankey, 203 F.3d 1160, 1167 (9th Cir.), cert. denied, 530 U.S. 1268 (2000).

## F.    THE COURT SHOULD PROHIBIT REFERENCE TO WHY DEFENDANT REENTERED THE UNITED STATES

Defendant may attempt to offer evidence of the reason for his reentry, or alternatively, his belief that he was entitled to do so.  Defendant may also attempt to offer evidence of the reason for his being in the United States, or alternatively, his belief that he was entitled to be here.  The Court should preclude him from doing so.  Evidence of *why* Defendant violated Section 1326 is patently irrelevant to the question of *whether* he did so – the only material issue in this case.

Federal Rule of Evidence 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.  Federal Rule of Evidence 402 states that evidence "which is not relevant is not admissible."  Here, the reason why Defendant attempted to reenter the United States, and any belief that he was justified in doing so, is irrelevant to whether he violated Section 1326.

United States v. Komisaruk, 885 F.2d 490 (9th Cir. 1980), is illustrative.  There, Komisaruk was convicted of willfully damaging government property by vandalizing an Air Force computer.  Id. at 491.  On appeal, she argued that the district court erred in granting the government's motions *in limine* to preclude her from introducing her "political, religious, or moral beliefs" at trial.  Id.

10

at 492.  In particular, she argued that she was entitled to introduce evidence of her anti-nuclear war

views, her belief that the Air Force computer was illegal under international law, and that she was

otherwise morally and legally justified in her actions.  Id. at 492-93.  The district court held that

her "personal disagreement with national defense policies could not be used to establish a legal

justification for violating federal law nor as a negative defense to the government's proof of the

elements of the charged crime," and the Ninth Circuit affirmed.  Id. at 492.  Similarly here, the

reason why Defendant attempted to reenter the United States and his belief that he was entitled to

do so, are irrelevant to any fact at issue in this case.

**G.**     **THE COURT SHOULD PROHIBIT REFERENCE TO PRIOR RESIDENCY**

        If Defendant seeks to introduce evidence at trial of any former residence in the United

States, legal or illegal, the Court should preclude him from doing so.  Such evidence is not only

prejudicial, but irrelevant and contrary to Congressional intent.

        In United States v. Ibarra, 3 F.3d 1333, 1334 (9th Cir. 1993), the district court granted the

United States' motion in limine to preclude Ibarra from introducing "evidence of his prior legal

status in the United States, and the citizenship of his wife, mother and children" in a section 1326

prosecution.  Id., overruled on limited and unrelated grounds by United States v. Alvarado-

Delgado, 98 F.3d 492, 493 (9th Cir. 1996).  Ibarra appealed, and the Ninth Circuit affirmed,

reasoning that, because Ibarra had failed to demonstrate how the evidence could possibly affect the

issue of his alienage, the district court properly excluded it as irrelevant.  Id.

        Similarly, in United States v. Serna-Vargas, 917 F. Supp. 711 (C.D. Cal. 1996), the

defendant filed a motion in limine to introduce evidence of what she termed "de facto" citizenship

as an affirmative defense in a Section 1326 prosecution.  Id. at 711.  Specifically, she sought to

introduce evidence of: (1) involuntariness of initial residence; (2) continuous residency since

childhood; (3) fluency in the English language; and  (4) legal residence of immediate family

members. Id. at 712.

11

1   The court denied the motion, noting that "none of these elements are relevant to the

2   elements that are required for conviction under §1326." Id.  The court also noted that admission

3   of the evidence would run "contrary to the intent of Congress." Id.  In particular, the court stated

4   that, under Section 212 of the Immigration and Naturalization Act of 1952, codified at 8 U.S.C.

5   § 1182(c), the Attorney General may exercise his discretion not to deport an otherwise deportable

6   alien, if the alien has lived in the United States for 7 years. Id. at 712-13.  The factors which the

7   defendant relied upon to establish her "de facto" citizenship, the court noted, are "among the

8   factors the Attorney General considers in deciding whether to exercise this discretion." Id. at 713.

9   Thus, the court reasoned, "the factors that [the defendant] now seeks to present to the jury

10   are ones that she could have presented the first time she was deported." Id.  Therefore, the court

11   held, "[a]llowing her to present the defense now would run contrary to Congress' intent." Id.  In

12   particular, "under the scheme envisioned by Congress, an alien facing deportation may present

13   evidence of positive equities only to administrative and Article III judges, *and not to juries*." Id.

14   (emphasis added).

15   **H.    THE COURT SHOULD ADMIT A-FILE DOCUMENTS**

16   **1.    The Documents are Admissible as Public or Business Records**

17   The government intends to offer documents from the Alien Registration File, or "A-File,"

18   that correspond to Defendant's name and A-number in order to establish Defendant's alienage and

19   prior removal as well as the lack of documentation showing that when he was found in the United

20   States, Defendant had not sought or obtained authorization from the Secretary of the Department

21   of Homeland Security.  The United States will set forth with specificity the documents it intends

22   to introduce in its trial memorandum, to be filed later this week.  These documents are self-

23   authenticating "public records," Fed. R. Evid. 803(8)(B), or, alternatively, "business records" under

24   Fed. R. Evid. 803(6), and should be admitted.

25   The Ninth Circuit addressed the admissibility of A-File documents in United States v.

26   Loyola-Dominguez, 125 F.3d 1315 (9th Cir. 1997). There, Loyola-Dominguez appealed his §1326

27

28                                                    12

conviction, arguing, in part, that the district court erred in admitting at trial certain records from his "A-File." Id. at 1317. The district court had admitted: (1) a warrant of deportation; (2) a prior warrant for the defendant's arrest; (3) a prior deportation order; and (4) a prior warrant of deportation. The defendant in Loyola-Dominguez argued that admission of the documents violated the rule against hearsay, and denied him his Sixth Amendment right to confront witnesses. The Ninth Circuit rejected his arguments, holding that the documents were properly admitted as public records. Id. at 1318. The court first noted that documents from a defendant's immigration file, although "made by law enforcement agents, . . . reflect only 'ministerial, objective observation[s]' and do not implicate the concerns animating the law enforcement exception to the public records exception." Id. (quoting United States v. Hernandez-Rojas, 617 F.2d 533, 534-35 (9th Cir. 1980)). The court also held that such documents are self-authenticating and, therefore, do not require an independent foundation. Id.

Even prior to Loyola-Dominguez, courts in this Circuit consistently held that documents from a defendant's A-File are admissible in a section 1326 prosecution to establish the defendant's alienage and prior deportation. See United States v. Mateo-Mendez, 215 F.3d 1039, 1042-45 (9th Cir. 2000) (district court properly admitted certificate of nonexistence); United States v. Contreras, 63 F.3d 852, 857-58 (9th Cir. 1995) (district court properly admitted warrant of deportation, deportation order and deportation hearing transcript); United States v. Hernandez-Rojas, 617 F.2d at 535 (district court properly admitted warrant of deportation as public record); United States v. Dekermenjian, 508 F.2d 812, 814 n.1 (9th Cir. 1974) (district court properly admitted "certain records and memoranda of the Immigration and Naturalization Service" as business records, noting that records would also be admissible as public records); United States v. Mendoza-Torres, 285 F. Supp. 629, 631 (D. Ariz. 1968) (admitting warrant of deportation).

## 2. The Court Should Admit the CNR

At trial, the United States may introduce a Certificate of Nonexistence of Record ("CNR"), stating that there is no record of Defendant's having received consent to reenter the United States.

13

1   As the Ninth Circuit recently held, a CNR is not "testimonial" within the meaning of Crawford v.

2   Washington, 124 S. Ct. 1354 (2004), and may be admitted without violating the Confrontation

3   Clause.  See United States v. Cervantes-Flores, 421 F.3d 825, 831-33 (9th Cir. 2005).

**I.    THE COURT SHOULD PRECLUDE DEFENDANT FROM ARGUING PERMISSION TO REENTER BASED UPON WARNING TO ALIEN DEPORTED**

The Court should preclude any argument that Defendant believed he was not required to

obtain the permission from the Attorney General or his designated successor the Secretary of the

Department of Homeland Security prior to reentry into the United States or that Defendant believed

he had permission to enter the United States based on any confusion or alleged error in the

execution of the Warning to Alien Ordered Removed or Deported or statements made by an

immigration judge at a removal hearing.  See United States v. Ramirez-Valencia, 202 F.3d 1106,

1109-10 (9th Cir. 2000) (holding that such a claim is legally insufficient and any such argument

improper).

**J.    THE COURT SHOULD ADMIT RULE 609 EVIDENCE**

In a letter dated July 2, 2008, the United States notified Defendant of its intent to use

Defendant's numerous prior convictions for impeachment purposes under Rule 609.  Specifically,

the United States intends to inquire about his February 17, 1998 conviction for being a deported

alien found in the United States, [See Criminal Case No. 98CR0375-H.], his February 1, 1999

conviction for being a deported alien found in the United States, [See Criminal Case No.

98CR3220-R.], his November 13, 2002, conviction for making a false statement to a federal

officer, [See Criminal Case No. 02CR1853-IEG.], and his June 21, 2004 conviction for making a

false statement to a federal officer, [See Criminal Case No. 04CR0253-H.].  Additionally, the

United States intends to ask defendant about his presently being in violation of his term of

supervised release in Criminal Case No. 04CR0253-H  should he testify.  The United States will

also use Defendant's convictions should Defendant contend that he had permission to enter the

United States or that he did not need permission to enter.  If Defendant testifies at trial, he will

14

1   place his credibility squarely at issue, and the United States should be able to inquire in particular

2   about his recent drug conviction.

3         Federal Rule of Evidence 609(a) provides in pertinent part

> For purposes of attacking the credibility of a witness, (1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused; and (2) evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of punishment.

Fed. R. Evid. 609(a). The Ninth Circuit has listed five factors that the district court should balance in making the determination required by Rule 609. United States v. Browne, 829 F.2d 760, 762-63 (9th Cir. 1987). Specifically, the court should consider 1) the impeachment value of the prior crime; 2) the point in time of the conviction and the witness's subsequent history; 3) the similarity between the past crime and the charged crime; 4) the importance of the Defendant's testimony; and 5) the centrality of the Defendant's credibility. Id. at 762-63. See also United States v. Hursh, 217 F.3d 761 (9th Cir. 2000).

        Here, Defendant has a number of felony convictions that can be used as 609 evidence. Several of the Browne factors weigh in favor of admitting the convictions to attack Defendant's credibility. First, the impeachment value of Defendant's felony convictions, which show his repeated disregard for the law, is high. As such, his criminal record would cast doubt on Defendant's credibility should he testify. Second, the importance of Defendant's testimony is crucial in a case such as this, where Defendant would presumably testify if he intends to challenge one of the elements of the offense. For example, if Defendant contends he had permission to be in the United States, his convictions, which led to his numerous deportations, would become highly relevant In addition, if Defendant testifies that he had received, or did not need, permission to enter the United States, he would essentially "open the door" to his criminal history. Third, because such a challenge could only be developed through Defendant's own testimony, his credibility in

15

asserting such a challenge would be central to the case.  Furthermore, whatever risk of unfair prejudice exists can be adequately addressed by sanitizing these convictions and with a limiting jury instruction.

Accordingly, the Government should be allowed to introduce evidence of Defendant's prior felony convictions under Rule 609(a) if he elects to testify at trial.

## K.    THE COURT SHOULD PROHIBIT COLLATERAL ATTACK OF DEFENDANT'S DEPORTATION

Defendant should not be permitted to argue the lawfulness of his prior deportation to the jury at trial.  See United States v. Alvarado-Delgado, 98 F.3d 492 (9th Cir. 1996) (en banc).  The lawfulness of the deportation is not an element of the offense under Section 1326, so this issue should not be presented to or determined by a jury.  Id. at 493.  Moreover, the validity of the deportation should have, if questioned, been raised by Defendant in his pre-trial motions. Defendant should not be permitted to litigate this issue at trial.  It would be inappropriate to raise this purely legal issue before a jury, which is not tasked with determining the validity of the deportation.

## L.    JUDICIAL NOTICE OF CERTIFIED TRANSCRIPTS

The Government will ask this Court to take judicial notice of the certified copy of the transcript of the February 17, 1998 plea colloquy in Case No. 98-CR-375 H where the defendant admitted under oath that he was a citizen of Mexico and that he was previously deported and removed.  The certified copy of the transcript is an official court document and is presumed to accurately reflect testimony during proceedings.  See 28 U.S.C. § 753(b); Fed. R. Evid. 803(8)(B), 902(4); United States v. Lumumba, 794 F.2d 806 (2d Cir. 1986) (court permitted trial transcript as a certified public document under FRE 902(4)); Abatino v. United States, 750 F.2d 1442, 1445 (9th Cir. 1984).  The United States will offer a redacted version of the transcript and only refer to it as sworn testimony in a prior proceeding.  The sworn testimony will be Defendant's admissions of alienage and deportation.  This evidence is directly relevant to prove two elements of the offense.  See Fed. R. Evid. 402 (stating in part "All relevant evidence is admissible").  Defendant's

16

statements are admissible as non-hearsay under Rule 801(d)(2).  The Government has already provided the transcript in discovery and will provide a redacted transcript in advance of trial.

**M.      RENEWED MOTION FOR RECIPROCAL DISCOVERY**

The United States renews its motion for reciprocal discovery.  As of the date of the filing of these motions, Defendant has produced no reciprocal discovery.  The United States requests that Defendant comply with Rule 16(b) of the Federal Rules of Criminal Procedure, as well as Rule 26.2, which requires the production of prior statements of all witnesses, except for those of Defendant.  Defendant has not provided the United States with any documents or statements. Accordingly, the United States intends to object at trial and ask this Court to suppress any evidence at trial which has not been provided to the United States.

**IV**

**CONCLUSION**

For the foregoing reasons, the United States respectfully requests that its motions *in limine* be granted.

**DATED:** July 2, 2008.

Respectfully submitted,

KAREN P. HEWITT
United States Attorney


s/ Stewart M. Young
STEWART M. YOUNG
Assistant United States Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff

v.

ENRIQUE AYON-CORTEZ,

Defendant.

Case No. 08-CR-283 IEG

CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED THAT:

      I, STEWART M. YOUNG, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

      I am not a party to the above-entitled action. I have caused service of UNITED STATES' MOTIONS *IN LIMINE* on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

      1. Sara Peloquin, Esq.

      I declare under penalty of perjury that the foregoing is true and correct.

      Executed on July 2, 2008.

                         s/ Stewart M. Young
                         STEWART M. YOUNG