1 | KAREN P. HEWITT
United States Attorney
2 | STEWART M. YOUNG
Assistant U.S. Attorney
3 | California State Bar No. 239764
United States Attorney's Office
4 | 880 Front Street, Room 6293
San Diego, California 92101-8893
5 | Telephone: (619) 557-6228/(619) 235-2757 (Fax)
Email: stewart.young@usdoj.gov
6 | Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Criminal Case No. 08-CR-283 IEG |
|---|---|---|
| Plaintiff, | ) | DATE: July 14, 2008 |
| | ) | TIME: 2:00 p.m. |
| v. | ) | Before Honorable Chief Judge Irma E. Gonzalez |
| ENRIQUE AYON-CORTEZ, | ) | |
| Defendant. | ) | RESPONSE TO DEFENDANT'S MOTIONS *IN LIMINE* TO: |
| | ) | (A) EXCLUDE DEPORTATION DOCUMENTS; |
| | ) | (B) PROHIBIT EVIDENCE UNDER FED. R. EVID. 404(b) AND 609; |
| | ) | (C) EXCLUDE WITNESSES (A-FILE CUSTODIAN); |
| | ) | (D) ALLOW ATTORNEY VOIR DIRE; |
| | ) | (E) PROHIBIT WITNESSES FROM REFERRING TO DEFENDANT AS "THE ALIEN"; |
| | ) | (F) PRODUCE GRAND JURY TRANSCRIPTS; |
| | ) | (G) SUPPRESS THE DEPORTATION HEARING AUDIOTAPE OR TRANSCRIPTS; |
| | ) | (H) PRECLUDE EXPERT TESTIMONY; |
| | ) | (I) PRECLUDE EVIDENCE OF REINSTATEMENTS; AND |
| | ) | (J) LEAVE TO FILE FURTHER MOTIONS; |
| | ) | |
| | ) | TOGETHER WITH STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Stewart M. Young, Assistant U.S. Attorney, and hereby files its Response to the Motions in the above-referenced case. Said Response is based upon the files and records of this case together with the attached statement of facts and memorandum of points and authorities.

DATED: July 11, 2008.

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

s/ Stewart M. Young
STEWART M. YOUNG
Assistant United States Attorney

KAREN P. HEWITT
United States Attorney
Stewart M. Young
Assistant U.S. Attorney
California State Bar No. 234889
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-6228/(619) 235-2757 (Fax)
Email: stewart.young@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Criminal Case 08-CR-283 IEG |
|---|---|---|
| Plaintiff, | ) ) ) | DATE:   July 14, 2008<br>TIME:   2:00 p.m.<br>Before Honorable Chief Judge Irma E. Gonzalez |
| v. | ) ) | |
| ENRIQUE AYON-CORTEZ, | ) ) | |
| Defendant. | ) ) ) | UNITED STATES' STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES |

I

**STATEMENT OF THE CASE AND STATEMENT OF FACTS**

The United States incorporates its previously filed motions in limine in its statement of the case and the statement of facts.

II

**MEMORANDUM OF POINTS AND AUTHORITIES**

A.   **Use of Deportation Documents**

The Government incorporates by reference its arguments set forth in its motions in limine filed July 2, 2008. The Government does not intend to use the warrant of deportation and order of deportation to establish alienage. Instead, the Government will use Defendant's field statements,

1    as well as his prior plea colloquy, to establish alienage. However, the Government will seek to
2    admit the deportation documents as evidence of a prior lawful order of deportation, an element of
3    the offense. Accordingly, Defendant's motion must be denied.
4        Additionally, defendant apparently requests that the Government be precluded from
5    introducing the Certificate of Non-Existence of Record. The Government incorporates by reference
6    its arguments set forth in its motions in limine filed July 2, 2008. The Ninth Circuit has held the
7    Certificate of Non-Existence of Record is admissible and does not violate the Confrontation
8    Clause. United States v. Cervantes-Flores, 421 F.3d 825 (9th Cir. 2005). Accordingly,
9    Defendant's motion must be denied.

10        **B.    Preclude 609 and 404(b) Evidence**

11        The Government incorporates by reference its arguments set forth in its motions in limine
12    filed July 2, 2008. While the Government gave notice of possible 404(b) use of defendant's prior
13    convictions, the Government did not include that in its motions in limine. Given the simplicity of
14    this case, the Government does not intend to offer defendant's numerous prior convictions as
15    404(b) evidence, despite several identical crimes for which the defendant was convicted. Rather,
16    for ease and simplicity, the Government will only seek to impeach Defendant using his felony
17    convictions in 1998, 1999, 2002, and 2004, under Rule 609 if Defendant takes the stand to testify.
18    The Government gave written notice of this intention on July 2, 2008, and defendant has had ample
19    time to prepare for such use if he decides to exercise his right to testify. Moreover, the Government
20    will seek to admit the Defendant's prior admissions at his 1998 plea colloquy for evidence of
21    alienage. Such written notice was given on July 2, 2008.

22        **C.    Exclude Witnesses (A-File Custodian)**

23        Defendant in his motion requests in the caption that witnesses, including the A-File
24    Custodian, be excluded. There is nothing in the body of the motions *in limine* that actually refers
25    to this motion. It appears that the body of the motions jumps from prohibiting 609 and 404(b)
26    evidence to allowing attorney-conducted voir dire. In an abundance of caution, despite nothing in
27
28                                        4

1  the body of his motions *in limine* explaining why he would like to exclude the A-File Custodian, the United States incorporates its motions *in limine* filed on July 2, 2008. The A-File Custodian, as the case agent in this case, has been critical in moving the investigation forward to this point and is considered by the United States to be an integral part of the trial team. Under Federal Rule of Evidence 615(3), "a person whose presence is shown by a party to be essential to the presentation of the party's cause" should not be ordered excluded from the court during trial. Defendant's request, if there is one, should be denied.

### D. Allow Attorney Conducted Voir Dire

The Government does not oppose this motion so long as the Court grants an equal amount of time to the Government to conduct voir dire.

### E. Reference to Defendant as the "Alien"

The Government does not intend to refer to the Defendant as the "alien" and will instruct each of its witnesses not to make such reference. If the Court requires the Government to ensure that the A-File Custodian does not refer to the A-File as the "Alien File," the Government will also instruct the A-File Custodian to do so.

### F. Grand Jury Transcripts

The Government does not intend to call anyone to testify at trial who testified before the Grand Jury in this case. If the Government does decide to call a witness who testified before the Grand Jury, it will make available any of those transcripts to the defendant.

### G. Deportation Audiotape or Transcript

Absent a stipulation, the Government may seek to introduce the portion of the audiotape and transcript of Defendant's removal hearing to establish Defendant's alienage and his conscious desire to enter the United States without consent. The audiotape of the removal hearing was certified as genuine and authentic by the United States Immigration Court. The audiotape of the removal hearing is also part of Defendant's official A-File, and, consequently, it is admissible under

the public records exception to the hearsay rule. See Fed. R. Evid.803(8)(B); Hernandez-Herrera, 273 F.3d at 1217-18.

Transcripts of tape-recorded proceedings may be given to a jury in a criminal trial for the purpose of aiding the jury in following along a tape recording if certain precautions are taken to ensure the accuracy of the transcript. See United States v. Ben-Shimon, 249 F.3d 98, 101 (2d Cir. 2001). Any prejudice arising from the introduction of the transcript can be ameliorated by a limiting instruction emphasizing the jury's role as ultimate fact-finder. See United States v. Chalarca, 95 F.3d 239, 246 (2d Cir. 1996). The parties could stipulate to the portions of the audiotape and prepare a redacted transcript that excludes references to Defendant's prior criminal convictions and any portions that relate to any other aliens at the deportation hearing.

**H.     Expert Testimony**

The Government incorporates by reference its arguments set forth in its motions in limine filed July 2, 2008. The Government intends to offer testimony about deportation and removal proceedings from the A-File Custodian Agent Sean Braud. Moreover, the Government intends to offer testimony concerning Agent Braud's own searches for consent or permission on DHS databases. The United States believes that such testimony is not deemed "expert testimony," but informed defense in an abundance of caution as to Sean Braud's testimony in written notice on July 2, 2008.

Furthermore, the Government intends to offer expert testimony relating to the fingerprints of the Defendant. Proper notice was given to the defendant. Such testimony relates to elements of the offense and should not be precluded.

**I.     EVIDENCE OF REINSTATEMENT**

Defendant cites Morales-Izquierdo v. Gonzales, 486 F.3d 484 (9th Cir. 2007) (en banc) to argue that any reinstatement should not be allowed as evidence of a removal. The en banc court actually held that reinstatements were valid, and that such reinstatements specifically do not violate due process. While Defendant parses out statements from the en banc opinion to justify his

1  position, it is clear that the actual holding of the case is inapposite to what Defendant seeks. The
2  Government request the Court to deny Defendant's motion precisely on the grounds of the en banc
3  court's decision in Morales-Izquierdo.

**J.   LEAVE TO FILE FURTHER MOTIONS**

The Government does not oppose this motion, as long as it equally applies to the Government as well.

**IV**

**CONCLUSION**

For the foregoing reasons, the United States respectfully submits its response to defendant's motions *in limine*.

**DATED:** July 11, 2008.

                                        Respectfully submitted,

                                        KAREN P. HEWITT
                                        United States Attorney

                                        s/ Stewart M. Young
                                        STEWART M. YOUNG
                                        Assistant United States Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff<br><br>　　　　　v.<br><br>ENRIQUE AYON-CORTEZ,<br><br>　　　　　Defendant. | Case No. 08-CR-283 IEG<br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED THAT:

　　　　I, STEWART M. YOUNG, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

　　　　I am not a party to the above-entitled action. I have caused service of UNITED STATES' RESPONSE TO DEFENDANT'S MOTIONS *IN LIMINE* on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

　　　　1. Sara Peloquin, Esq.

　　　　I declare under penalty of perjury that the foregoing is true and correct.

　　　　Executed on July 11, 2008.

　　　　　　　　　　　　　　　　　　　　s/ Stewart M. Young
　　　　　　　　　　　　　　　　　　　　STEWART M. YOUNG