**SARA M. PELOQUIN**
California State Bar No. 254945
**MICHELLE BETANCOURT**
California State Bar No. 215035
FEDERAL DEFENDERS OF SAN DIEGO, INC.
225 Broadway, Suite 900
San Diego, California 92101-5008
Telephone: (619) 234-8467

Attorneys for Mr. Ayon-Cortez

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE IRMA E. GONZALEZ)**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 08CR0283-IEG |
| Plaintiff, ) | Date: August 15, 2008 |
| ) | Time: 2:00 p.m. |
| v. ) | |
| **ENRIQUE AYON-CORTEZ**, ) | **BRIEFING REGARDING RELEVANCE** |
| Defendant. ) | **OF PROPOSED EXPERT** |
| ) | **TESTIMONY** |

**I.**

**BACKGROUND**

Enrique Ayon-Cortez is charged by way of indictment with violating 8 U.S.C. § 1326 (illegal alien found in the United States). His jury trial was set for July 22, 2008, at 9:00 a.m.; however, defense counsel requested a status conference on July 21, 2008 to apprise the Court and the government of its intention to offer expert testimony. Defense counsel requested a continuance of the trial in order to fully comply with its Rule 16 obligations with respect to the proffered expert testimony. The Court indicated at the status conference that it was not inclined to allow Mr. Ayon's proposed expert to testify but would not decide the issue until the parties briefed the issue of the relevance of the proposed testimony.

The expert at issue is Dr. Jacqueline Stevens, a respected researcher, and professor, whose present area of study relates to the prevalence of immigration detention and deportation of United States Citizens. A copy of Dr. Jacqueline Stevens' resume is attached as Exhibit A. Mr. Ayon indicated that Professor

1  Stevens would testify to the study she conducted where she documented the cases of thirty-one United States
2  citizens held in immigration custody for between one month and five years.

## II.

### PROFFER OF THE EXPECTED TESTIMONY OF DR. JACQUELINE STEVENS

Dr. Jacqueline Stevens is an expert on law and society. Dr. Stevens has published extensively on theories of political membership. Mr. Ayon anticipates that Dr. Stevens will testify regarding her research into the number of United States citizens held in immigration custody for at least one month in deportation proceedings. She will testify regarding the number of detainees who claim United States citizenship who are deported or agree to be deported in order to avoid indefinite incarceration. She will testify that Immigration and Customs Enforcement (ICE) keeps no records of persons who make claims to United States citizenship during deportation proceedings, as well as to ICE's policy of appealing orders to terminate proceedings when detainees raise these claims. Dr. Stevens will testify that ICE does no investigation to legitimate the citizenship claims of the detainees and detainees are forced to prove their citizenship in order to secure their release. Ultimately, she will opine that admissions regarding alienage in deportation and criminal proceedings are tainted by the coercive prospect of lengthy or indefinite custody making statements of alienage in this context less reliable because detainees are faced with the choice of their citizenship or their liberty.

## III.

### MR. AYON'S RIGHT TO PRESENT A DEFENSE INCLUDES THE RIGHT TO PRESENT THE EVIDENCE PROFFERED

**A.    Mr. Ayon Has the Right Present a Complete Defense.**

As the Ninth Circuit has confirmed in no uncertain terms, Mr. Ayon has a Sixth Amendment right to present any defense for which there is an evidentiary basis that would allow a reasonable juror to find in his favor. United States v. Gurolla, 333 F.3d 944, 957 (9th Cir. 2003) (discussing entrapment defense); id. at 954 n.11. This standard—whether a reasonable juror could find the existence of a defense—is one of the lowest evidentiary standards known to law. See, e.g., Pirtle v. Morgan, 313 F.3d 1160, 1174 (9th Cir. 2003). "'Only slight evidence will create the factual issue necessary to get the defense to the jury, even though the evidence is weak, insufficient, inconsistent, or of doubtful credibility.'" Gurolla, 333 F.3d at 951 (quoting United States v. Becerra, 992 F.2d 960, 963 (9th Cir.1993)); see also United States v. Yarbrough, 852 F.2d

1522, 1541 (9th Cir. 1988).

As a necessary corollary, and because factual finding is the province of the jury, courts should "rarely rule[ ] on a defense as a matter of law." United States v. Contento-Pachon, 723 F.2d 691, 693 (9th Cir. 1984). The Sixth Amendment right to trial incorporates "as its most important element, the right to have the jury, rather than the judge, reach the requisite finding of 'guilty.'" Sullivan v. Louisiana, 508 U.S. 275, 277 (1993).

It is well-settled that the government must prove even a section 1326 case beyond a reasonable doubt. United States v. Smith-Baltiher, 424 F.3d 913, 921 (9th Cir. 2005). See also United States v. Gaudin , 515 U.S. 506, 509-10 (1995) (holding that due process and the Sixth Amendment "require criminal convictions to rest upon a jury determination that the defendant is guilty of every element of the crime ... beyond a reasonable doubt"). "[T]he defendant's alienage is an essential element of the § 1326 offense and ... the government must carry its burden with respect to that element just as it does with all others." Smith-Baltiher, 424 F.3d at 921 (quoting United States v. Gracidas-Ulibarry, 231 F.3d 1188 (9th Cir. 2000) (en banc)). "Because alienage is an element of the offense, [Mr. Ayon] is entitled to have the jury determine that question at trial." Id. (citing to Apprendi v. New Jersey, 530 U.S. 466, 476-77).

If there is reasonable doubt regarding whether Mr. Ayon was born in the United States, then there is reasonable doubt regarding his alienage, and Mr. Ayon is not guilty of violating section 1326. See U.S. Const. Amend. XIV (person born in the United States is national and citizen of the United States); 8 U.S.C. § 1401 (a) (same).

All of the evidence that Mr. Ayon has proffered is relevant to this issue. See Fed. R. Evid. 401. For evidence to be relevant, it need only have "any tendency to make the existence of any fact that is of consequence . . . more probable or less probable than it would be without the evidence. Fed. R. Evid. 401. This is an extremely low standard, and one that courts must construe in favor of letting a criminal defendant present a defense. For example, in the context of a district court's denial of allowing a defendant to present a defense based on third-party culpability, the Ninth Circuit wrote:

> Even if the defense theory is purely speculative, as the district court characterized it, the evidence would be relevant. In the past, our decisions have been guided by the words of Professor Wigmore: [I]f the evidence [that someone else committed the crime] is in truth calculated to cause the jury to doubt, the court should not attempt to decide for the jury that this doubt is purely speculative and fantastic but should afford the accused every opportunity to create that doubt. Id. at 1349 (quoting 1A John Henry Wigmore, Evidence in Trials at Common Law § 139 (Tillers rev. ed.1983)) (alterations in original). Accordingly, it is the role of the jury to consider the evidence and determine whether it presents "all kinds of fantasy

possibilities," as the district court concluded, or whether it presents legitimate alternative theories for how the crime occurred.

United States v. Vallejo, 237 F.3d 1008, 1023 (9th Cir. 2001); see also Fed. R. Evid. 402 ("[a]ll relevant evidence is admissible . . . ."). As in Vallejo, in this case, the Court should not put itself in the shoes of the jury, "attempt[ing] to decide for the jury that this doubt is purely speculative and fantastic." Id. Instead, this Court must "afford the accused every opportunity to create that doubt." Id. Of course, any concern that, "[a]lthough relevant," the evidence should be excluded because "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence," Fed. R. Evid. 403, must yield to Mr. Ayon's constitutional rights to present a defense. Under these circumstances, Mr. Ayon must be allowed to present the proffered evidence in his defense.

**B.  The Proffered Testimony of Dr. Stevens Is Relevant To The Element Of Alienage And The Reliability of Mr. Ayon's Custodial Statements On That Subject.**

Expert testimony is relevant where it bears on the credibility and reliability of the accused's statements which the prosecutor intends to rely upon to prove an essential element of the charge. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would have been without the evidence". Fed. R. Evid. 401. The Sixth Amendment provides the accused with the right to a meaningful opportunity to present a complete defense. This includes the right to present evidence of the circumstances surrounding custodial statements made by the accused which are introduced against him in a criminal proceeding for the purpose of attacking their reliability and credibility. Crane v. Kentucky, 476 U.S. 683, 687-88 (1986). "Confessions, even those that have been found to be voluntary, are not conclusive of guilt. And as with any other part of the prosecutor's case, a confession may be shown to be insufficiently corroborated or otherwise... unworthy of belief." Lego v. Twoomey, 404 U.S.477, 485-86 (1972).

In United States v. Vallejo, the Ninth Circuit held that it was an abuse of discretion to exclude expert testimony of a school psychologist explaining how school children like the accused cope with high pressure situations like interrogations, when offered to explain discrepancies between the accounts of post-arrest statements given by the accused and the interrogating officer. 237 F.3d 1008, 1019 (2001).

The circumstances leading to an admission of guilt are highly relevant to facts in issue at trial. At issue

in the present case is Mr. Ayon's alienage, an element the government must prove beyond a reasonable doubt. United States v. Smith-Baltiher, 424 F.3d 913, 921 (9th Cir. 2005). The primary evidence of Mr. Ayon's alienage are his previous custodial statements in deportation proceedings and criminal immigration proceedings. The proffered expert testimony of Dr. Stevens will be offered to show that the prospect of lengthy or even indefinite detention has resulted in United States citizens making similar admissions regarding alienage. Evidence of other specific instances where these types of admissions are made in spite of valid claims of citizenship by birth or acquisition, are relevant to the inherently coercive nature of custody and explain Mr. Ayon's decision not to contest deportation or even to plead guilty to immigration offenses due to his inability to provide proof of his birth in the United States. This testimony is not only relevant it is essential to Mr. Ayon's Sixth Amendment right to present a complete defense, by attacking the credibility and reliability of his past admissions. The proffered expert testimony is particularly important where Mr. Ayon asks the jury to credit evidence of his citizenship and discredit his past admissions because if "stripped of the power to describe to the jury the circumstances that prompted his confession, the defendant is effectively disabled from answering the one question evry rational juror needs answered: If the defendant is innocent, why did he previously admit guilt?" Crane v. Kentucky, 476 U.S. at 689.

Given that the proffered evidence is relevant and that there are no countervailing concerns that would outweigh Mr. Ayon's constitutional rights to testify and present a defense, this Court must admit it.

### IV.
### CONCLUSION

For these reasons, Mr. Ayon should be allowed to present his defense expert as proffered, and counsel should be allowed to argue that there is reasonable doubt regarding Mr. Ayon's alienage.

Respectfully submitted,

Dated: July 28, 2008

**SARA M. PELOQUIN**
**MICHELLE BETANCOURT**
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Ayon-Cortez

**CERTIFICATE OF SERVICE**

Counsel for Defendant certifies that the foregoing pleading is true and accurate to the best of her information and belief, and that a copy of the foregoing document has been served this day upon:

Stewart Young

Stewart.Young@usdoj.gov; efile.dkt.gc1@usdoj.gov,

Dated: July 28, 2008

                          */s/* Sara M. Peloquin
                          SARA M. PELOQUIN
                          Federal Defenders of San Diego, Inc.
                          225 Broadway, Suite 900
                          San Diego, CA 92101-5030
                          (619) 234-8467  (tel)
                          (619) 687-2666  (fax)
                          e-mail: sara_peloquin@fd.org